JEFFREY M. FELDMAN
Alaska Bar No. 7605029
Jefff@summitlawgroup.com
SUMMIT LAW GROUP
315 5th Avenue South, Suite 1000
Seattle, WA 98104
Telephone: (206) 676-7000
Facsimile: (206) 676-7001

CARY B. LERMAN (pro hac vice application to be filed)
cary.lerman@mto.com
WILLIAM D. TEMKO (pro hac vice application to be filed)
william.temko@mto.com
JEREMY A. LAWRENCE (pro hac vice application to be filed)
jeremy.lawrence@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Plaintiff GCI, Inc.
and GCI Communication Corp.

# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| | |
|---|---|
| GCI, INC., and GCI Communication Corp.<br><br>Plaintiffs,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, Severally Subscribing Policy Number W10226130601, and DOES 1 through 10,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR (1) BREACH OF CONTRACT, (2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, (3) DECLARATORY RELIEF RE DUTY TO DEFEND, AND (4) DECLARATORY RELIEF RE REIMBURSEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury for all issues so triable.

COMPLAINT AND DEMAND FOR JURY TRIAL - 1
CGI, INC. V. CERTAIN UNDERWRITERS AT LLOYD'S LONDON
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Case 3:16-cv-00035-RRB   Document 1   Filed 02/02/16   Page 1 of 14

Plaintiffs GCI, INC., ("GCI") and GCI Communication Corp. ("GCI Communication") (GCI and GCI Communication together, the "GCI Plaintiffs") allege against Defendants, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, Severally Subscribing Policy Number W10226130601 ("Underwriters") as follows:

## I.  BACKGROUND

1. This is an action to enforce Underwriters' obligations to defend the GCI Plaintiffs under an insurance policy covering Professional and Technology Based Services, Technology Products, Information Security & Privacy, and Multimedia and Advertising Liability.

2. Underwriters issued policy number W10226130601 to Named Insured General Communication, Inc. and, among others, its wholly-owned subsidiaries, covering the policy period from December 1, 2013 to December 1, 2014 (the "Policy").  The Policy contains a $100,000 self-insured retention ("Retention") that applies to both defense costs and indemnity payments.

3. GCI was sued in a class action complaint captioned Mary Pete, et al. v. GCI, Inc., Case No. 4BE-14-134 CI ("Pete"), filed in the Superior Court for the State of Alaska, Fourth Judicial District at Bethel.  The initial Complaint in the Pete lawsuit was filed on or about April 22, 2014 but was not served on GCI.  The First Amended Class Action Complaint in the Pete lawsuit was filed on or about April 28, 2014.  GCI is currently defending the Pete action and GCI Communication is currently paying the costs, fees, and expenses of GCI's defense.

4. The GCI Plaintiffs have incurred attorneys' fees and other defense costs and expenses in the course of defending the Pete action.  The fees, costs, and expenses incurred by the GCI Plaintiffs exceed the Retention amount of $100,000 by at least $600,000, and the amount in excess of the Retention is increasing.

5. To date, Underwriters have not paid a single dollar of the fees, costs, and expenses incurred in defending Pete, despite being repeatedly requested to pay the defense costs.

6. By failing to pay the GCI Plaintiffs' defense costs in excess of the Retention, Underwriters have breached their duty to defend the GCI Plaintiffs under the Policy.

COMPLAINT AND DEMAND FOR JURY TRIAL - 2
CGI, INC. V. CERTAIN UNDERWRITERS AT LLOYD'S LONDON
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

Case 3:16-cv-00035-RRB   Document 1   Filed 02/02/16   Page 2 of 14

7. Moreover, Underwriters' refusal to defend the GCI Plaintiffs under the Policy violates the implied covenant of good faith and fair dealing under the Policy. Underwriters have no good faith basis for their refusal to pay the GCI Plaintiffs' defense costs in the Pete action.

## II. PARTIES, VENUE, AND JURISDICTION

8. At all times pertinent herein, GCI was and is an Alaska corporation with its principal place of business in Anchorage, Alaska.

9. At all times pertinent herein, GCI Communication was and is an Alaska corporation with its principal place of business in Anchorage, Alaska.

10. GCI is an "Insured" under the Policy because it is a wholly-owned subsidiary of Named Insured General Communication, Inc.

11. GCI Communication is an "Insured" under the Policy because it is a wholly-owned indirect subsidiary of both Named Insured General Communication, Inc. and GCI.

12. At all times pertinent herein, Underwriters were and are underwriting members of two insurance underwriting syndicates at Lloyd's, London: Syndicate 623 and Syndicate 2623. These syndicates are foreign unincorporated associations with their principal places of business in London, England. On information and belief, none of the members of Syndicate 623 or Syndicate 2623 is a citizen or resident of Alaska.

13. The GCI Plaintiffs have insufficient knowledge to determine the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. The GCI Plaintiffs pray for leave to amend this Complaint to allege their true names and capacities when such names and capacities have been ascertained.

14. This Court has personal jurisdiction over Underwriters, and venue is proper in this Court, because through the Policy, Defendants consented to "submit to the jurisdiction of a court of competent jurisdiction within the United States."

COMPLAINT AND DEMAND FOR JURY TRIAL - 3
CGI, INC. V. CERTAIN UNDERWRITERS AT LLOYD'S LONDON
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Case 3:16-cv-00035-RRB   Document 1   Filed 02/02/16   Page 3 of 14

15. Venue is proper in this Court because the GCI Plaintiffs have their principal places of business in Anchorage, paid defense costs in the Pete action from their home offices in Anchorage, and have otherwise incurred damages in Anchorage.

16. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1)-(2) because the GCI Plaintiffs are citizens of Alaska and Underwriters are citizens of states other than Alaska and/or foreign states. Moreover, the amount of unreimbursed fees, costs, and expenses at issue in this lawsuit (i.e., the fees, costs, and expenses that the GCI Plaintiffs incurred in excess of the $100,000 Retention) exceeds $75,000, exclusive of interest and costs.

### III. GENERAL ALLEGATIONS

17. Under the terms of the Policy, Underwriters agreed to defend "any Claim against the Insured seeking Damages" "arising out of any negligent act, error or omission, or any unintentional breach of contract, in rendering or failure [sic] to render Professional Services or Technology Based Services…" Policy, Section I.A; Section II.A.1 (emphases in original).

18. Underwriters further agreed to defend such suits "even if any of the allegations of the Claim are groundless, false or fraudulent…." Policy, Section II.A.1 (emphasis in original).

19. The Policy defines "Technology Based Services" as including "Telecommunications Services." Policy, Section VI.KK.2 (as amended by Policy Endorsement, "Amend Technology Based Services to Include Telecommunications Services") (emphases in original). The Policy defines "Telecommunications Services" as "telecommunications services, including switching services, dial tone access, competitive access provider services, 911 emergency services, cellular and wireless communication services, call center services, local access telephone services, long-distance telephone services, cable services, broadband services, Internet telephone services, facsimile services, private line and private network services and telecommunications consulting services." Policy Endorsement, "Amend Technology Based Services To Include Telecommunications Services."

COMPLAINT AND DEMAND FOR JURY TRIAL - 4
CGI, INC. V. CERTAIN UNDERWRITERS AT LLOYD'S LONDON
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Case 3:16-cv-00035-RRB   Document 1   Filed 02/02/16   Page 4 of 14

20. The Pete First Amended Class Action Complaint alleges that GCI provided "deficient cell-phone, 'smartphone,' and data plan services throughout the Yukon Kuskokwim Delta in western Alaska." First Amended Class Action Complaint, ¶ 1. The First Amended Class Action Complaint alleges that GCI's customers in that region "have suffered dropped calls, an inability to connect in placing calls, unreceived calls, data plans that are virtually useless, [and] an inability to access the system or to receive or transfer data," among other things. Id., ¶ 3.

21. The Pete First Amended Class Action Complaint alleges that "Plaintiffs and GCI entered into contracts whereby GCI promised to provide reasonably reliable and usable wireless-, smartphone- and data plan services to plaintiffs, or at a minimum undertook to provide said services." Id., ¶ 54. The First Amended Class Action Complaint further alleges that "GCI breached said contractual obligations rendering it liable to plaintiffs for breach of contract in an amount to be proved at trial." Id., ¶ 55.

22. The Pete First Amended Class Action Complaint seeks an award of "compensatory damages" in connection with GCI's alleged breach of contract. Id., Prayer for Relief, ¶ III.

23. On December 18, 2015, the Court permitted the plaintiffs to file a Second Amended Class Action Complaint in Pete.

24. The Second Amended Class Action Complaint alleges:

Plaintiffs and Class members entered into agreements with GCI for adequate and reasonably functional wireless services, as embodied in the subscriber agreements that expressly provide that Plaintiffs will be able to use wireless services in their coverage areas, will be able to use wireless data services to access the Internet and for other related uses, and that GCI is required to manage its network in order to provide a good experience for the majority of its subscribers.

Second Amended Class Action Complaint, ¶ 90.

25. The Second Amended Class Action Complaint further alleges that "[f]rom June 2008 to May 2014, GCI delivered wireless services in the Y-K Delta that, as an objective matter,

COMPLAINT AND DEMAND FOR JURY TRIAL - 5
CGI, INC. V. CERTAIN UNDERWRITERS AT LLOYD'S LONDON
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Case 3:16-cv-00035-RRB   Document 1   Filed 02/02/16   Page 5 of 14

were not reasonably functional, including as measured against industry standards and GCI's own internal benchmarks for satisfactory wireless services." Id., ¶ 91.

26. The Second Amended Class Action Complaint alleges that "GCI failed to uphold or discharge its obligations under its contract, resulting in breach." Id., ¶ 92. The Second Amended Class Action Complaint also alleges that "Plaintiffs and the Class have sustained damages as a result of GCI's breach of its subscriber contracts." Id., ¶ 94. The Second Amended Class Action Complaint seeks "[a]ctual damages in an amount according to proof" from GCI. Id., Prayer for Relief, ¶ C.1.

27. The GCI Plaintiffs do not concede, and in fact vigorously dispute, the allegations in the Pete lawsuit. Nonetheless, the lawsuit remains pending in Superior Court in Bethel.

28. The Policy contains a New York choice of law clause that provides in relevant part:

> "Unless otherwise set forth in Item 11 of the Declarations, this Policy shall be interpreted in accordance with New York state law, without giving effect to conflicts of laws principles, other than such principles directing application of New York law." Policy, Section XXV. Item 11 of the Policy's Declarations further states: "Choice of Law: New York."

Policy Declarations, Item 11.

29. The Pete action contains allegations of wrongdoing by GCI that are potentially covered by the Policy and therefore Underwriters have a duty to defend GCI and pay the defense costs incurred by the GCI Plaintiffs.

30. Under New York law regarding the duty to defend, Underwriters have a duty to defend GCI for the Pete suit in its entirety and pay the full amount of defense costs incurred by the GCI Plaintiffs, even though Underwriters contend that certain allegations and causes of action in Pete are outside the scope of the Policy's coverage.

31. To date, Underwriters have refused to defend GCI in the Pete suit or otherwise pay the entirety of the defense costs incurred by the GCI Plaintiffs.

COMPLAINT AND DEMAND FOR JURY TRIAL - 6
CGI, INC. V. CERTAIN UNDERWRITERS AT LLOYD'S LONDON
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Case 3:16-cv-00035-RRB Document 1 Filed 02/02/16 Page 6 of 14

32. Instead, Underwriters have contended that they are entitled to pay only the portion of the GCI Plaintiffs' defense costs that can be solely allocated to the breach of contract cause of action in the Pete suit and are not obligated to pay any defense costs that are relevant to the defense of both potentially covered and non-covered claims.

33. Underwriters have further contended that the amount of defense costs they are obligated to pay does not exceed the $100,000 Retention in the Policy.

34. Underwriters' arguments have no basis under applicable law.

## IV. FIRST CAUSE OF ACTION

### (Breach of Contract Against Underwriters by GCI and GCI Communication)

35. The GCI Plaintiffs incorporate paragraphs 1-34 above, inclusive, of this Complaint as though fully set forth herein.

36. The GCI Plaintiffs provided timely notice to Underwriters of the Pete lawsuit.

37. The GCI Plaintiffs have complied fully with all of their obligations under the Policy and has satisfied all conditions precedent to Underwriters' obligation to provide a defense, with the exception of any obligations that were excused or made impossible by Underwriters' breaches as set forth herein, or otherwise.

38. Under the Policy, Underwriters had an obligation immediately upon receiving notice of the Pete lawsuit and exhaustion of the $100,000 Retention to defend GCI fully against all of the allegations in the Pete lawsuit and to pay for the full costs of the defense incurred by the GCI Plaintiffs. Underwriters continue to have an obligation to defend GCI fully in the Pete lawsuit and pay the full costs of the defense incurred by the GCI Plaintiffs.

39. The GCI Plaintiffs requested that Underwriters defend GCI fully against all of the allegations in the Pete lawsuit and pay the full costs of the defense incurred by the GCI Plaintiffs, but Underwriters failed and have refused to do so. Underwriters have thereby breached their obligations to the GCI Plaintiffs under the Policy.

COMPLAINT AND DEMAND FOR JURY TRIAL - 7
CGI, INC. V. CERTAIN UNDERWRITERS AT LLOYD'S LONDON
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Case 3:16-cv-00035-RRB   Document 1   Filed 02/02/16   Page 7 of 14

40. As a direct and proximate result of Underwriters' breach, the GCI Plaintiffs have incurred over $600,000 in defense costs, including but not limited to attorneys' fees, in excess of the Retention in the Pete lawsuit. Such damages are continuing as the defense of the Pete lawsuit continues.

41. To date, Underwriters have refused to reimburse the GCI Plaintiffs for any of the fees and costs they have incurred in Pete.

## SECOND CAUSE OF ACTION

**(Breach of the Implied Covenant of Good Faith and Fair Dealing Against Underwriters by GCI and GCI Communication)**

42. The GCI Plaintiffs incorporate paragraphs 1-41 above, inclusive, of this Complaint as though fully set forth herein.

43. The Policy contains an implied covenant of good faith and fair dealing that Underwriters will not do anything that will injure the GCI Plaintiffs' right to receive the benefits of the Policy, and obligates Underwriters to exercise good faith and to deal fairly with the GCI Plaintiffs with respect to their request for defense coverage in connection with the Pete lawsuit.

44. Underwriters have breached their duty of good faith and fair dealing owed to the GCI Plaintiffs under the Policy in the following respects, among others.

   a. Unreasonably failing and refusing to provide GCI with a full and complete defense to the Pete lawsuit and pay the full costs of the defense incurred by the GCI Plaintiffs after the GCI Plaintiffs' satisfaction of the Retention.

   b. Unreasonably failing to conduct an objective and reasonably thorough investigation in a timely manner with respect to the Pete lawsuit.

   c. Unreasonably failing to investigate, process and pay the GCI Plaintiffs' claims for defense costs reasonably promptly and without delay.

   d. Adopting unreasonable coverage positions as a pretext to deny the GCI Plaintiffs a full and complete defense to the Pete lawsuit.

COMPLAINT AND DEMAND FOR JURY TRIAL - 8
CGI, INC. V. CERTAIN UNDERWRITERS AT LLOYD'S LONDON
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Case 3:16-cv-00035-RRB   Document 1   Filed 02/02/16   Page 8 of 14

45. By refusing to reimburse the GCI Plaintiffs in full for the fees and costs of defending the Pete lawsuit in excess of the Retention, Underwriters have compelled the GCI Plaintiffs to take action and incur attorneys' fees and costs, including, without limitation, to institute the instant litigation to recover amounts due under the Policy. As a direct and proximate result of Underwriters' conduct, the GCI Plaintiffs have been deprived of the benefits of the insurance coverage for which premiums were paid, and have sustained actual damages, consequential damages and out-of-pocket expenses in an amount to be determined at the time of trial.

46. In committing these acts, Underwriters have acted in a manner that was outrageous, was done with malice or bad motives, and/or evidenced reckless indifference to the GCI Plaintiffs' rights and interests. Underwriters acted with the intention of benefiting themselves financially and with the intention of causing, or recklessly disregarding the probability of causing, injury to the GCI Plaintiffs. As a result of such conduct, the GCI Plaintiffs are entitled to exemplary and punitive damages.

### THIRD CAUSE OF ACTION

**(Declaratory Relief Regarding the Duty to Defend Against Underwriters by GCI and GCI Communication)**

47. The GCI Plaintiffs incorporate paragraphs 1-46 above, inclusive, of this Complaint as though fully set forth herein.

48. This is an action for a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, to determine the duty of Underwriters under the Policy to defend GCI and pay the full costs of the defense incurred by the GCI Plaintiffs in the Pete lawsuit.

49. A present, actual controversy exists between the GCI Plaintiffs and Underwriters with respect to their obligation to defend GCI and pay the defense costs incurred by the GCI Plaintiffs as follows:

COMPLAINT AND DEMAND FOR JURY TRIAL - 9
CGI, INC. V. CERTAIN UNDERWRITERS AT LLOYD'S LONDON
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Case 3:16-cv-00035-RRB   Document 1   Filed 02/02/16   Page 9 of 14

a. The GCI Plaintiffs contend and Underwriters deny that Underwriters owe GCI a duty of an immediate, full and complete defense of the entire Pete lawsuit pursuant to the Policy, and that Underwriters must pay the full costs of the defense incurred by the GCI Plaintiffs after the GCI Plaintiffs' satisfaction of the Retention.

b. The GCI Plaintiffs contend and Underwriters deny that (1) the Policy potentially affords the GCI Plaintiffs coverage for some or all of the damages alleged in the Pete lawsuit, and, accordingly, (2) the Policy requires Underwriters to provide GCI an immediate, full and complete defense of the entire Pete lawsuit and to pay the full costs of the defense incurred by the GCI Plaintiffs after the GCI Plaintiffs' satisfaction of the Retention.

50. As a result, an actual and justiciable controversy exists between the GCI Plaintiffs and Underwriters concerning the rights, duties and obligations arising out of the terms, conditions, exclusions and provisions of the Policy with respect to the duty to defend GCI and pay the full costs of the defense incurred by the GCI Plaintiffs in the Pete lawsuit.

51. A judicial declaration is necessary and appropriate at this time so that the GCI Plaintiffs and Underwriters may ascertain their rights, duties and obligations under the Policy with respect to Underwriters' defense of, and payment of defense costs to, the GCI Plaintiffs in the Pete lawsuit.

**FOURTH CAUSE OF ACTION**

**(Declaratory Relief Regarding Reimbursement of Defense Costs Against Underwriters by GCI and GCI Communication)**

52. The GCI Plaintiffs incorporate paragraphs 1-51 above, inclusive, of this Complaint as though fully set forth herein.

53. This is an action for a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, to determine the duty of Underwriters to reimburse the GCI Plaintiffs for defense costs spent in the Pete lawsuit.

COMPLAINT AND DEMAND FOR JURY TRIAL - 10
CGI, INC. V. CERTAIN UNDERWRITERS AT LLOYD'S LONDON
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Case 3:16-cv-00035-RRB   Document 1   Filed 02/02/16   Page 10 of 14

54. If Underwriters are found to have a duty to defend GCI in the Pete lawsuit, the GCI Plaintiffs are entitled to reimbursement from Underwriters for amounts that the GCI Plaintiffs have incurred in defending the Pete lawsuit.

55. A present, actual controversy exists between the GCI Plaintiffs and Underwriters with respect to Underwriters' obligation to reimburse the GCI Plaintiffs for sums expended in defending the Pete lawsuit as follows:

   a. The GCI Plaintiffs contend and Underwriters deny that Underwriters owe GCI a duty of an immediate, full and complete defense of the entire Pete lawsuit pursuant to the Policy, and that Underwriters must pay the full costs of the defense incurred by the GCI Plaintiffs after the GCI Plaintiffs' satisfaction of the Retention.

   b. The GCI Plaintiffs contend and Underwriters deny that (1) the Policy potentially affords the GCI Plaintiffs coverage for some or all of the damages alleged in the Pete lawsuit, and, accordingly, (2) the Policy requires Underwriters to provide GCI an immediate, full and complete defense of the entire Pete lawsuit and to pay the full costs of the defense incurred by the GCI Plaintiffs after the GCI Plaintiffs' satisfaction of the Retention.

   c. The GCI Plaintiffs contend and Underwriters deny that Underwriters must reimburse the GCI Plaintiffs for all sums they have expended in excess of the Retention in defending the Pete lawsuit.

56. As a result, an actual and justiciable controversy exists between the GCI Plaintiffs and Underwriters concerning their rights, duties, and obligations.

57. A judicial declaration is necessary and appropriate at this time so that the GCI Plaintiffs and Underwriters may ascertain their rights, duties and obligations with respect to the reimbursement of defense costs the GCI Plaintiffs have incurred in the Pete lawsuit.

## V. **PRAYER FOR RELIEF**

WHEREFORE, the GCI Plaintiffs respectfully pray for the following relief:

COMPLAINT AND DEMAND FOR JURY TRIAL - 11
CGI, INC. V. CERTAIN UNDERWRITERS AT LLOYD'S LONDON
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Case 3:16-cv-00035-RRB   Document 1   Filed 02/02/16   Page 11 of 14

**A.     On the First Cause of Action for Breach of Contract Against Underwriters by GCI and GCI Communication:**

1. For monetary damages in an amount to be determined at trial;

2. For costs of suit and attorneys' fees; and

3. For prejudgment interest on all damages awarded to the GCI Plaintiffs.

**B.     On the Second Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing Against Underwriters by GCI and GCI Communication:**

1. For monetary damages in an amount to be determined at trial;

2. For punitive damages to punish or make an example of Underwriters;

3. For costs of suit and attorneys' fees, including reasonable attorneys' fees and expenses incurred in the GCI Plaintiffs' efforts to obtain benefits due under the Policy; and

4. For prejudgment interest on all damages awarded to the GCI Plaintiffs.

**C.     On the Third Cause of Action for Declaratory Relief Regarding Duty to Defend Against Underwriters by GCI and GCI Communication:**

1. For an order declaring that Underwriters are obligated pursuant to the terms of the Policy to provide an immediate and complete defense for GCI in the Pete lawsuit and are obligated to pay to the GCI Plaintiffs all past unreimbursed defense costs and, on a current basis within 30 days of presentation of an invoice, all future defense costs unless and until Underwriters establish that there is no longer any possibility that the claims in the Pete lawsuit will fall within the Policy's coverage; and

2. For costs of suit and attorneys' fees.

**D.     On the Fourth Cause of Action for Declaratory Relief Regarding Reimbursement of Defense Costs Against Underwriters by GCI and GCI Communication:**

1. For an order declaring that Underwriters are obligated to reimburse the GCI Plaintiffs for all past defense costs they have incurred in defending the Pete lawsuit; and

2. For costs of suit and attorneys' fees.

COMPLAINT AND DEMAND FOR JURY TRIAL - 12
CGI, INC. V. CERTAIN UNDERWRITERS AT LLOYD'S LONDON
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Case 3:16-cv-00035-RRB   Document 1   Filed 02/02/16   Page 12 of 14

**E.     On All Causes of Action:**

   1.     For such other and further relief that the Court may deem just and proper.

DATED this 1st day of February, 2016.

                    Respectfully submitted,

                    SUMMIT LAW GROUP PLLC

                    By *s/Jeffrey M. Feldman*
                        Jeffrey M. Feldman, ASBA #7605029
                        *jefff@summitlaw.com*

                    MUNGER, TOLLES & OLSON LLP

                    By *s/William D. Temko*
                        Cary B. Lerman
                        cary.lerman@mto.com
                        William D. Temko
                        william.temko@mto.com
                        Jeremy A. Lawrence
                        jeremy.lawrence@mto.com

                    *Attorneys for Plaintiffs*

COMPLAINT AND DEMAND FOR JURY TRIAL - 13
CGI, INC. V. CERTAIN UNDERWRITERS AT LLOYD'S LONDON
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Case 3:16-cv-00035-RRB   Document 1   Filed 02/02/16   Page 13 of 14

# CERTIFICATE OF SERVICE

I hereby certify that on this day I caused the foregoing to be served, as indicated, upon the following:

**VIA CERTIFIED MAIL**

Mendes & Mount LLP
750 7th Ave., #24
New York, NY 10019

**VIA CERTIFIED MAIL AND EMAIL**
*complaints@lloyds.com*

Mark Smith
Lloyd's America, Inc.
25 W. 53rd St., 14th Floor
New York, NY 10019

DATED this 2nd day of February, 2016.

/s Katie Angelikis
Katie Angelikis, Legal Assistant

COMPLAINT AND DEMAND FOR JURY TRIAL - 14
CGI, INC. V. CERTAIN UNDERWRITERS AT LLOYD'S LONDON
CASE NO.

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Case 3:16-cv-00035-RRB   Document 1   Filed 02/02/16   Page 14 of 14